HEIRS OF FRANCISCO RIVERA-COLÓN, Petitioners and Appellees, *v.* MUNICIPAL COURT OF SAN JUAN, JOSÉ E AYBAR, J., Respondent.—FRANCISCO CASTAÑEDA, Intervenor and Appellant.

No. 4179. Argued June 21, 1927.—Decided July 14, 1927.

*Carlos del Toro Fernández* for the appellant. *Juan de Guzmán Benítez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The losing party in a suit before the Municipal Court of San Juan presented a writ of certiorari to the District Court of San Juan. We quote with approval the following statement from the opinion of that court:

"The evidence was heard and on the same day the court (municipal court) rendered judgment against the defendant succession; *which sentence was rendered in open court and in the presence and hearing of the attorneys for the parties.*

"The petitioner alleges that he was never notified of the said judgment by the opposite party or by his attorney when notified of the memorandum of costs. Without having fulfilled this requirement, an order of execution was issued of 'such judgment which judgment is now unappealable. (It would seem that the court meant to say that the judgment was now *apparently* unappealable).

"This is the fundamental error alleged by the petitioner. The petitioner bases his application on the doctrine established in the Supreme Court of Porto Rico in the case of Rodríguez v. District Court of Mayagüez, 31 P.R.R. 285.

"The intervenor, Francisco Castañeda, alleges in opposition to the application the doctrine established in the case of Torres v. Calaf, 17 P.R.R. 1137.

"We think that the foregoing jurisprudence in the case of Calaf is not applicable to the present case inasmuch as it was decided on December 20, 1911, many years before Act No. 13 of November 14, 1917, 'regulating appeals from judgments of the Municipal Courts in civil suits' was passed.

"At first blush one is inclined to believe that if a judgment is rendered in the presence of the parties or of their lawyers, 'such a fact would be equivalent to a notice in form, but, thinking over it carefully, it appears to this court that it is better to follow the imperative requirements of the said Act No. 13 of the 14th of November, 1917, and as the Supreme Court understood and fixed the rule in the case of Rodríguez v. District Court of Mayagüez, 31 P.R.R. 285, on which the petitioner relies."

The appellee says that the statement made by the appellant that appellee was present in court when the judgment

**156**

was pronounced is not shown to be true. Perhaps it might be presumed conclusively that the appellee was in court, but, despite such presumption, the Legislature has prescribed the method to be pursued to regulate the time for appealing. The law fixes a specific notice to the losing party.

The writer had some of the same doubts as the appellant and was disposed to write a concurring opinion in the case of *Cruz* v. *Heirs of Jiménez*, 32 P.R.R. 767. He did so write one, but only to agree with the opinion of the court, drawing attention to the fact that the time for appealing did not run from actual notice but from the act of the secretary of the district court in saying that the notice had been set. The beginning of a limitation on the right of appeal is strictly construed in favor of an appellant. 3 Corpus Juris, 1059 *et seq.* The case of *Rodríguez* v. *District Court of Mayagüez*, 31 P.R.R. 285, is controlling.

The judgment appealed from will be affirmed.